IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


BUCKEYE RESOURCES, INC.,               :

        Plaintiff,                         :
                                  Case No. 3:11-cv-335

        vs.                                :
                                  JUDGE WALTER HERBERT RICE

DURATECH INDUSTRIES INT'L, INC.        :
et al.,
                         :

        Defendants

---

DECISION AND ENTRY SUSTAINING DEFENDANT DURATECH INDUSTRIES
INTERNATIONAL, INC.'S, MOTION FOR SUMMARY JUDGMENT (DOC. #2-29);
JUDGMENT TO ENTER IN FAVOR OF DEFENDANT DURATECH INDUSTRIES
INTERNATIONAL, INC., AND AGAINST PLAINTIFF; TERMINATION ENTRY

---

      Plaintiff Buckeye Resources, Inc., a mulch manufacturer, purchased a tub

grinder from Defendant Baker & Sons Equipment Company ("Baker").  The tub

grinder was manufactured by DuraTech Industries International, Inc. ("DuraTech").

Following two equipment breakdowns, Plaintiff filed suit in state court against

Baker and DuraTech, asserting claims of product liability, breach of express and

implied warranties and negligence.  Plaintiff sought compensatory damages of

$630,000 for lost sales and expenses.  Baker filed a counterclaim for an unpaid

account balance.

      All claims by and against Baker were voluntarily dismissed with prejudice on

September 19, 2011.  DuraTech removed the case to federal court on September

21, 2011 on the basis of diversity jurisdiction.  This matter is currently before the

Court on DuraTech's Motion for Summary Judgment (Doc. #2-29), which was pending in state court at the time of removal.

## I.  Factual Background and Procedural History[1]

Plaintiff Buckeye Resources is in the lawn and garden business.  In August of 2005, Plaintiff purchased a DuraTech model 3010 tub grinder from Baker, an authorized DuraTech dealer.  The tub grinder was used to process mulch.

According to Richard Posey, President of Buckeye Resources, on January 23, 2007, the bearings on the tub grinder failed and the machine stopped working.  Plaintiff transported the affected parts to DuraTech's headquarters, where new bearings were installed.  Posey Dep. at 123-24.  After the tub grinder was repaired, it worked well until December 2, 2008, when the bearings again failed.  This time, the failure also caused the rotor shaft to bend.  The machine was out of service for nearly two months while new parts were ordered and repairs were made.  Posey Dep. at 130-35.

In March of 2009, Plaintiff filed suit in state court against Baker and DuraTech, asserting claims of product liability, breach of express and implied warranties and negligence.  On October 8, 2010, three weeks before the trial, Plaintiff voluntarily dismissed all claims without prejudice.  At that time, Defendants' motion for summary judgment was still pending.  Plaintiff refiled the

_____

[1] The facts are construed in a light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

2

Complaint in state court on January 7, 2011, alleging identical claims.  On

February 16, 2011, DuraTech refiled its motion for summary judgment, and Baker

joined in.  Doc. ##2-29, 2-31.  Plaintiff then filed a memorandum in opposition.

Doc. #2-35.

On September 19, 2011, Plaintiff voluntarily dismissed all claims against

Baker.  Doc. #2-36.  Two days later, on September 21, 2011, DuraTech removed

the case to federal court.[2]  The next day, DuraTech filed a reply memorandum in

support of its pending motion for summary judgment.[3]

## II.    Standard of Review

Summary judgment must be entered "against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial."  *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party always bears the initial

responsibility of informing the district court of the basis for its motion, and

identifying those portions of the record which it believes demonstrate the absence

of a genuine issue of material fact.  *Id.* at 323; *see also Boretti v. Wiscomb*, 930

F.2d 1150, 1156 (6th Cir. 1991).

---

[2] DuraTech filed the Notice of Removal within 30 days of receipt of
Plaintiff's voluntary dismissal of the claims against Baker, the only non-diverse
defendant, and within one year after the state suit was filed.  Jurisdiction is
therefore proper under 28 U.S.C. § 1446(b).

[3] Because state court rules do not provide for the filing of reply memoranda,
DuraTech could not file a reply prior to removal.

3

"Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1245 (6th Cir. 1995); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." *Michigan Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment shall be denied "[i]f there are . . . 'genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Hancock v. Dodson*, 958 F.2d 1367, 1374 (6th Cir. 1992) (citation omitted). In determining whether a genuine dispute of material fact exists, a court must assume

4

as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Anderson*, 477 U.S. at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe, by determining which parties' affiants are more credible; rather, credibility determinations must be left to the fact-finder. 10A Wright, Miller & Kane, *Federal Practice and Procedure* Civil 3d § 2726 (1998).

In determining whether a genuine dispute of material fact exists, a court need only consider the materials cited by the parties. Fed. R. Civ. P. 56(c)(3). "A district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990); *see also L.S. Heath & Son, Inc. v. AT&T Info. Sys., Inc.*, 9 F.3d 561 (7th Cir. 1993); *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992), *cert. denied*, 506 U.S. 832 (1992) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment . . . ."). If it so chooses, however, the court may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3).

**III. Analysis**

Plaintiff asserted claims of product liability, breach of express and implied warranties and negligence against Baker and DuraTech. DuraTech moved for summary judgment on all claims. Although Baker joined in that motion, all claims

5

against Baker were subsequently voluntarily dismissed by Plaintiff.

### A.    Product Liability Claims

Plaintiff alleges that the tub grinder was defective.  Compl. ¶ 7.  DuraTech maintains that Plaintiff's product liability claims fail because it is undisputed that no one suffered any personal injury and there was no physical damage to any property other than to the allegedly defective tub grinder.  Plaintiff's alleged damages consist only of lost profits and the expenses associated with repairing the tub grinder.   Absent any personal injury or damage to other property, a plaintiff cannot recover for economic loss resulting from the allegedly defective product.

In *Westfield Insurance Co. v. HULS America, Inc.*, 128 Ohio App.3d 270, 714 N.E.2d 934 (Ohio Ct. App. 1998), the court explained that economic loss is not recoverable in a product liability action unless the plaintiff is also entitled to recover compensatory damages under Ohio's product liability statutes. *Id.* at 282, 714 N.E.2d at 941-42.  Compensatory damages are limited to those damages resulting from "death, physical injury to person, emotional distress, or physical damage to property other than the product in question." *See* Ohio Revised Code § 2307.71(A)(13).

By completely failing to address these arguments in its memorandum in opposition, Plaintiff impliedly concedes that summary judgment is appropriate on this basis.  The Court finds that there is no genuine dispute of material fact, and that DuraTech is entitled to judgment as a matter of law on Plaintiff's product

liability claims.

## II.    Breach of Warranty Claims

Next, Plaintiff alleges that Defendants breached express warranties, and the

implied warranties of fitness and merchantability.  Compl. ¶¶ 9-10.  DuraTech has

also moved for summary judgment on these claims.

### A.    Breach of Express Warranty

The express warranty at issue states as follows:

> DuraTech Industries International Inc. (DuraTech Industries) warrants
> to its authorized dealer, who in turn warrants to the original purchaser
> for twelve (12) months from Retail Sales Date that this product will be
> free from defects in material and workmanship when used as intended
> and under normal maintenance and operating conditions.

Ex. 6 to Posey Dep.  The Retail Sales Date was August 5, 2005, meaning that the

express warranty expired on August 5, 2006.  The bearings did not fail until

January 23, 2007, more than five months after the express warranty expired.

DuraTech therefore maintains that it is entitled to summary judgment on the breach

of express warranty claim.

Plaintiff has failed to rebut this argument, and has presented no evidence

from which a reasonable jury could find that this express warranty was still in

effect at the time the tub grinder first malfunctioned.  The Court therefore finds

that DuraTech is entitled to summary judgment on this claim.

**B.    Breach of Implied Warranty**

Plaintiff also alleged that Defendants breached the implied warranties of

fitness and merchantability.  DuraTech argues that it is entitled to summary

judgment on these claims because: (1) DuraTech's express warranty included an

explicit disclaimer of all implied warranties; (2) implied warranties are not

enforceable against a "manufacturer" with whom there is no privity of contract; (3)

the tub grinder was, in fact, fit for the particular purpose at issue; and (4) the tub

grinder was, in fact, merchantable, *i.e.*, fit for the ordinary purpose for which it

was designed.

The second argument is DuraTech's strongest, and is clearly dispositive.  In

Ohio, "privity is required to maintain a breach of implied warranty claim."  *Curl v.

Volkswagen of Am., Inc.*, 114 Ohio St.3d 266, 2007-Ohio-3609, 871 N.E.2d

1141, at ¶ 18.  Unless there is a direct contractual relationship between the

plaintiff and defendant, an action for breach of implied warranty does not lie.  *Id.* at

¶ 19 (citing *Lawyers Coop. Publishing Co. v. Muething*, 65 Ohio St.3d 273, 277,

603 N.E.2d 969 (Ohio 1992)).

In this case, it is undisputed that Plaintiff is not a party to a contract with

DuraTech, the manufacturer of the tub grinder; rather, Plaintiff purchased the tub

grinder from Baker, an authorized DuraTech dealer.  Moreover, the fact that Baker

was an authorized DuraTech dealer is insufficient because "vertical privity exists

only between immediate links in the distribution chain."  *Curl*, at ¶ 32.  As a

8

general rule, "[o]ne who receives goods from another for resale to a third person is not thereby the other's agent in the transaction." *Id.* at ¶ 33 (quoting Restatement of the Law 2d, Agency (1958), Section 14J).

Two exceptions exist whereby a manufacturer and someone who purchases a product from a distributor may be deemed to be in privity of contract for purposes of an implied warranty claim: (1) when "the manufacturer is so involved in the sales transaction that the distributor merely becomes the agent of the manufacturer," and (2) when the purchaser is "an intended third-party beneficiary to a contract." *Bobb Forest Prods., Inc. v. Morbark Indus. Inc.*, 151 Ohio App.3d 63, 2002-Ohio-5370, 783 N.E.2d 560, at ¶¶ 57-58.  In this case, neither exception applies.  Mr. Posey testified that, to the best of his knowledge, "no one from DuraTech was involved in the transaction to buy the 3010 tub grinder." Posey Dep. at 88.  Nor is there any evidence that Plaintiff was an intended third-party beneficiary to a contract between DuraTech and Baker.

In short, because Plaintiff is not in privity of contract with DuraTech, DuraTech is entitled to summary judgment in its favor on Plaintiff's claims of breach of implied warranty.  Having so concluded, the Court need not address DuraTech's alternative arguments.

### III.    Negligence Claims

Finally, Plaintiff alleges that Defendants were negligent in "manufacturing, preparing, and servicing the product."  Compl. ¶ 11.  Plaintiff's expert, Jeffrey

Bookwalter, opines that the tub grinder suffered from a design defect in that the speed rating of the seals was too low for the speed at which the machine operated, causing the seals to wear more quickly than they should.  Bookwalter Dep. at 125-26.

DuraTech argues that Ohio law does not recognize a duty, on the part of a manufacturer, to design a product that wears more slowly.  Moreover, because Plaintiff suffered only economic loss, the negligence claim is simply not cognizable. *See Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 42 Ohio St.3d 40, 45, 537 N.E.2d 624, 630-31 (Ohio 1989) (holding that the law of negligence protects against claims of physical injury, but "does not extend the manufacturer's duty so far as to protect the consumer's economic expectations[.]"); *Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.*, 106 Ohio St.3d 412, 2005-Ohio-5409, 835 N.E.2d 701, at ¶ 6 ("The economic-loss rule generally prevents recovery in tort of damages for purely economic loss.").

Again, in its memorandum in opposition to the motion for summary judgment, Plaintiff completely fails to address these arguments, impliedly conceding that there is no genuine dispute of material fact, and that DuraTech is entitled to judgment as a matter of law on the negligence claim.  The Court finds that DuraTech is entitled to summary judgment on this claim.

10

## IV.    Conclusion

For the reasons set forth above, the Court SUSTAINS Defendant DuraTech's Motion for Summary Judgment (Doc. #2-29).

Judgment will be entered in favor of Defendant DuraTech and against Plaintiff.  The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.


Date: October 31, 2011                                 _____

                                                       WALTER HERBERT RICE
                                                       UNITED STATES DISTRICT JUDGE


Copies to: Counsel of Record